GERA MILLS *v.* UNITED STATES (No. 2978)[1]

United States Court of Customs Appeals, November 14, 1927

*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson*, special attorney, of counsel), for the United States.

[1] T. D. 42487.

[Oral argument October 7, 1927, by Mr. Place and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Six complete textile machines imported in a knockdown condition in 41 boxes were classified by the collector of customs as not marked, stamped, branded, or labeled, as required by law and were accordingly assessed with the additional duty of 10 per centum ad valorem provided by section 304 (a) of the Tariff Act of 1922, which reads in part as follows:

304. (a) That every article imported into the United States, which is capable of being marked, stamped, branded, or labeled, without injury, at the time of its manufacture or production, shall be marked, stamped, branded, or labeled, in legible English words, in a conspicuous place that shall not be covered or obscured by any subsequent attachments or arrangements, so as to indicate the country of origin. * * * Any such article held in customs custody shall not be delivered until so marked, stamped, branded, or labeled. * * * Unless the article is exported under customs supervision, there shall be levied, collected, and paid upon every such article which at the time of importation is not so marked, stamped, branded, or labeled, in addition to the regular duty imposed by law on such article, a duty of 10 per centum of the appraised value thereof. * * *

The importer protested that the goods were not subject to the additional duty and the issue thereby raised was submitted to the United States Customs Court for determination. The Customs Court overruled the protest and the importer appealed.

On the hearing before the Customs Court, the importer submitted the testimony of Arnold B. Zober, from which it appears that the cases in which the knockdown machines were imported contained a plate for each machine bearing the words "Made in Germany;" that the plates were not fastened to any of the machines or to any part thereof and were found loose in the boxes in which the machines were shipped; that a smooth surface for the attachment of the plate was provided on the frame of each machine but that no holes were drilled for the screwing of the plates to the frame and consequently the plates were not in place on the machines at the time of their importation; that after the machines were delivered to the importer the witness drilled holes in the frames and put on the plates.

As the testimony clearly establishes that none of the plates were ever attached to the machines, it is evident that they were not marked at the time of their manufacture or production in a conspicuous place thereon as prescribed by law. The importer was not obliged to mark the several parts of the knockdown entireties, if such parts were imported at the same time by the same importer and would, when assembled on importation, constitute completed machines. If the plates had been attached to the frames of the machines in the place

provided therefor, we are of the opinion that the knockdown machines would have been marked as required by paragraph 304.

For the reason that the machines were not marked so as to indicate the country of origin and in the manner provided by statute, the judgment of the United States Customs Court must be *affirmed*.